# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAMON ALVARADO, JR.,
    Plaintiff,

v.                                                                   Case No. 19-C-196

MILWAUKEE COUNTY, *et al.*,
    Defendants.

## ORDER

Ramon Alvarado, Jr., a Wisconsin state prisoner representing himself, filed a lawsuit under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was a pretrial detainee at the Milwaukee County Jail. He also filed a motion to proceed without prepaying the filing fee. This order grants his motion to proceed without prepayment of the filing fee and screens his complaint.

*Motion to Proceed Without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was a prisoner when he filed this case. 28 U.S.C. § 1915A(c). The PLRA gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On February 7, 2019, I ordered the plaintiff to pay an initial partial filing fee of $12.37. He paid that fee on February 21, 2019. Accordingly, I will grant the plaintiff's motion. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners and pre-trial detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Allegations*

On February 9, 2018, while an inmate at the Milwaukee County Jail, the plaintiff was attacked by two correctional officers. (This is the subject of one of his other lawsuits,

19-C-194.) The plaintiff received a rule violation and had a disciplinary hearing on February 12, 2018. (And this is the subject of another of his lawsuits, 19-C-195.) He received 33 days disciplinary segregation. The plaintiff was also charged criminally, in Milwaukee County case No. 18-CF-706. On September 26, 2018, that case was dismissed because the officer involved in the incident refused to testify.

After he completed his time in segregation, the plaintiff was classified in max custody status. The day after the case was dismissed, September 27, 2018, Defendants Officer Dittenberg and Officer Avery, who work in classification, did not take him off max custody. That evening, he spoke with defendant Captain Briggs and asked to be taken off max custody since the case had been dismissed. Briggs told him that he had "still assaulted an officer." (Docket No. 1 at 3.) Ultimately, the plaintiff was on max custody for 64 days. During that time, he could not have a pencil in his cell, watch cable television, listen to the radio, read the newspaper, buy commissary food, or have more than five phone numbers to call.

*Analysis*

Inmates have no protectable liberty interest in a particular security classification under the Due Process clause, and the plaintiff does not point to any Wisconsin state policy or regulation that gives rise to a liberty interest. *See Kincaid v. Duckworth*, 689 F.2d 702, 704 (7th Cir. 1982); *Miller v. Henman*, 804 F.2d 421, 423 (7th Cir. 1986). But if the restrictions placed on him imposed an atypical and significant hardship (compared to the ordinary incidents of prison life), the plaintiff may proceed. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005); *Sandin v. Conner*, 525 U.S. 472, 484 (1995); *Earl v. Racine County Jail*, 718 F.3d 689, 691 (7th Cir. 2013) (an inmate's liberty interest "is affected only if the more

restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time"). Furthermore, as a pretrial detainee, the plaintiff cannot be subjected to punishment, though he has no claim if his security classification was "reasonably related to a legitimate governmental objective." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979); *Holly v. Wollfolk*, 415 F.3d 678, 679–80 (7th Cir. 2005).

I find that the conditions the plaintiff faced were not an atypical and significant hardship. In *Carthage v. Radtke*, 2017 WL 2572375, *3–4 (E.D. Wis. June 14, 2017), the court found that a pretrial detainee's multiple-year escape risk classification, which lead to unnecessary shackling and restraints, verbal abuse from guards, and needless strip searches and lockdowns, created an atypical and significant hardship. The plaintiff's allegations are nowhere close to reaching this level (no pencil, TV, radio, newspaper, or commissary food, and only 5 numbers he can call). Furthermore, the plaintiff's complaint alleges why officials placed him on max custody: he had "assaulted an officer," even though the criminal case was dismissed. It was not "arbitrary or purposeless." *Bell*, 441 U.S. at 539. Therefore, the plaintiff does not state a claim upon which relief can be granted. I will dismiss his case and enter a "strike" against him. 28 U.S.C. § 1915(g).

*Conclusion*

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $337.63 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated in Milwaukee, Wisconsin, this <u>10th</u> day of May, 2019.

<u>s/Lynn Adelman</u>
LYNN ADELMAN
United States District Judge